**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| COMMERCIAL STEEL PRODUCTS LLC,<br>Plaintiff,<br>v.<br>UNITED STATES,<br>Defendant. | Court No. 26-03016 |

**COMPLAINT**

Commercial Steel Products LLC ("Plaintiff" or "CSP"), by and through its counsel of record, alleges and states as follows:

## I. JURISDICTIONAL STATEMENT

1. This action is brought pursuant to 19 U.S.C. § 1516a(a)(2)(A)(ii) and (a)(2)(B)(vi). This Court has exclusive jurisdiction pursuant to 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2).

2. Plaintiff seeks judicial review of certain portions of the final determination in the Covered Merchandise Inquiry conducted by the U.S. Department of Commerce ("Commerce" or the "Department") concerning the antidumping duty order against Oil Country Tubular Goods From the People's Republic of China ("China") and published in the *Federal Register* as *Oil Country Tubular Goods From the People's Republic of China: Final Determination of Covered Merchandise Inquiry*, 91 Fed. Reg. 22,493 (Dep't Commerce Apr. 27, 2026) ("Contested Final Determination"). Commerce's factual and legal conclusions underlying the Contested Final Determination are set forth in the "Oil Country Tubular Goods From the People's Republic of China: Issues and Decision Memorandum for the Final Determination of Covered Merchandise Inquiry – EAPA Inv. 8143" dated April 21, 2026 ("Final Decision Memorandum").

## II. STANDING OF PLAINTIFF

3. Plaintiff CSP is a U.S. importer and distributor of oil country tubular goods ("OCTG") alleged to be covered by the covered merchandise inquiry now being challenged. Plaintiff CSP is therefore an interested party as defined in 19 U.S.C. § 1677(9)(A). Plaintiff participated in the underlying proceeding by filing comments and participated in the related EAPA investigation, EAPA 8143. Therefore, as an interested party that was party to the proceeding below, Plaintiff has standing to bring this action under 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## III. TIMELINESS OF THIS ACTION

4. This action is timely under 28 U.S.C. § 1581(c). Commerce published its Contested Final Determination on April 27, 2026. *Oil Country Tubular Goods From the People's Republic of China: Final Determination of Covered Merchandise Inquiry*, 91 Fed. Reg. 22,493 (Dep't Commerce Apr. 27, 2026). In accordance with 19 U.S.C. § 1516a(a)(2)(A), Plaintiff commenced this action within 30 days of the publication of Commerce's Contested Final Determination in the *Federal Register* by filing a summons on May 27, 2026. Plaintiff is filing this Complaint on June 25, 2026, which is within 30 days of the date of the filing of the summons as set forth in CIT Rule 3(a)(2). Accordingly, this action is timely filed under 19 U.S.C. § 1516a(a)(2)(A).

## IV. STATEMENT OF THE FACTS

5. On July 18, 2024, a group of companies called the Committee on Pipe and Tube Imports Subcommittee for OCTG (the "CPTI OCTG Subcommittee") and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC submitted a request that the Department initiate a country-wide circumvention inquiry under Section 781(b) of the Act to determine whether seamless OCTG produced in Thailand using steel billets produced in China are circumventing the AD/CVD Orders.

CPTI OCTG Subcommittee consists of: Welded Tube USA, Inc.; PTC Liberty Tubulars LLC; Benteler Steel & Tube Corporation; Vallourec Star; Borusan Mannesmann Pipe US Inc.; and Axis Pipe and Tube. *See* Letter from Schagrin Associates to Sec'y Commerce re: *Oil Country Tubular Goods from the People's Republic of China* – Request for Circumvention Inquiry (July. 18, 2024). That submission was found substantially deficient by the Department and resubmitted on September 25, 2024. *See* Letter from Schagrin Associates to Sec'y Commerce re: *Oil Country Tubular Goods from the People's Republic of China* – Request for Circumvention Inquiry (Sept. 25, 2024).

6. On December 18, 2024, the Department published in the Federal Register the initiation of a circumvention inquiry to determine whether imports of seamless OCTG completed in Thailand using steel billets manufactured in China are circumventing the AD/CVD Orders and, accordingly, should be covered by the scope of the Orders. *See Oil Country Tubular Goods from the People's Republic of China: Initiation of Circumvention Inquiry on the Antidumping and Countervailing Duty Orders*, 89 Fed. Reg. 102,864 (Dec. 18, 2024) (Initiation Notice), and accompanying Initiation Checklist, "Oil Country Tubular Goods (OCTG) from the People's Republic of China," dated December 12, 2024 (Initiation Checklist). The Department did not request information from CSP regarding this circumvention inquiry and CSP is not a party in the circumvention inquiry.

7. On August 19, 2025, the Department published its preliminary affirmative determination of circumvention and, in accordance with 19 C.F.R. 351.225(l)(2), directed CBP to suspend liquidation and to require a cash deposit of estimated duties on "unliquidated entries of inquiry merchandise that were entered, or withdrawn from warehouse, for consumption, on or after December 18, 2024, the date of publication of the initiation of {the} circumvention inquiry in the

Federal Register." *See Oil Country Tubular Goods From the People's Republic of China: Preliminary Affirmative Determination of Circumvention of the Antidumping Duty and Countervailing Duty Orders*, 90 Fed. Reg. 40,336 (Aug. 19, 2025) ("Circumvention Preliminary Determination").

8. On December 17, 2024, the U.S. OCTG Manufacturers Association ("USOMA" or "Alleger") – which consists of Tenaris USA, Vallourec Star LP, Borusan Mannesmann Pipe USA, PTC Liberty Tubulars, Welded Tube US, and Axis Pipe and Tube – submitted to U.S. Customs and Border Protection ("CBP") an allegation under the Enforce and Protect Act ("EAPA") contending that OCTG produced by Boly Pipe Co., Ltd. ("Boly Pipe") and imported by CSP and another importer JOL Tubular, Inc. ("JOL Tubular") was transshipped from China. *See* Letter from Schagrin Associates to U.S. Customs and Border Protection, re: Oil Country Tubular Goods from China: Request for an Investigation under the Enforce and Protect Act (Dec. 17, 2024). The Alleger claimed that Boly Pipe did not have production operations in Thailand and that it was transshipping finished Chinese OCTG. *See id.*

9. On January 14, 2025, CBP initiated an EAPA investigation to determine whether OCTG that was imported by CSP was transshipped through Boly Pipe in Thailand and was entered through evasion. *See* Memorandum to the File, re: Initiation of Investigation for EAPA 8143 and 8160 (Consolidated Case 8143) (Feb. 5, 2025).

10. The entries covered by the EAPA investigation were those entered for consumption, or withdrawn from warehouse for consumption, from January 14, 2024, through the pendency of the investigation. *See id.* Certain of CSP's entries, which were entered after January 14, 2024 but prior to December 17, 2024, are subject to the EAPA investigation. *See id.* CBP suspended liquidation of these entries during the pendency of the EAPA investigation.

11. Both CSP and Boly Pipe cooperated fully in the EAPA proceeding and submitted complete responses to all of CBP's requests for information.

12. In the EAPA investigation, CBP found no evidence of evasion of AD/CVD but concluded it was unable to determine whether the merchandise at issue was covered by the AD/CVD Orders in light of the Circumvention Preliminary Determination. Subsequently, CBP made a referral to Commerce to determine whether certain OCTG produced in Thailand by Boly Pipe Co. and imported by CSP and JOL Tubular is subject to the antidumping countervailing duty orders on OCTG from China. *See Oil Country Tubular Goods From the People's Republic of China: Notice of Covered Merchandise Referral and Initiation of Covered Merchandise Inquiry*, 90 Fed. Reg. 61,375 (Dec. 31, 2025). Commerce initiated a covered merchandise inquiry on December 31, 2025.

13. On January 30, 2026, CSP filed comments with the Department regarding the covered merchandise inquiry with the Department. *See* Letter from Greenberg Traurig to Sec'y Commerce re: *Oil Country Tubular Goods from the People's Republic of China*: *Notice of Covered Merchandise Referral and Initiation of Covered Merchandise Inquiry* - Comments and Factual Information (January 30, 2026).

14. In its comments, CSP explained that CSP's entries that predated the initiation of the circumvention inquiry do not constitute covered merchandise because there was no fair warning to importers of any potential antidumping or countervailing duty liability prior to the initiation of the circumvention inquiry.

15. On April 27, 2026, the Department published the Contested Final Determination in the *Federal Register*, determining that OCTG produced by Boly Pipe in Thailand using steel billets from the People's Republic of China (China) and exported to its customers, CSP and JOL Tubular

in the United States are subject to the scope of the antidumping duty and countervailing duty orders on OCTG from China.

16. Commerce specifically found that it was appropriate to anchor the application of its determination to the publication of the initiation of the circumvention inquiry, which reflects the point at which Commerce first examined whether the production configuration at issue was circumventing the Orders, rather than applying a broader retroactive approach to entries predating that analysis. Accordingly, Commerce only applied the circumvention finding to the unliquidated entries at issue entered on or after December 18, 2024, the initiation date of the circumvention inquiry. Final Decision Memorandum at 6.

17. However, Commerce instructed CBP to continue to "suspend liquidation of entries of seamless OCTG produced by Boly Pipe in Thailand using steel billets from China and exported to its customers, CSP and JOL Tubular, in the United States already subject to the suspension of liquidation." *See* Customs Instructions Message No. 6135415 (May 15, 2026).

## STATEMENT OF CLAIMS

18. In the following respects and for other reasons apparent from the record of the proceeding, the Contested Final Determination is not supported by substantial evidence on the record or otherwise not in accordance with law.

### Count One

19. Paragraphs 1 through 18 are incorporated by reference.

20. Commerce's determination that CSP's entries subject to the covered merchandise inquiry constituted covered merchandise and are subject to the scope of the antidumping duty and countervailing duty orders on OCTG from China is not supported by substantial evidence on the record and is otherwise not in accordance with the law.

**Count Two**

21. Paragraphs 1 through 20 are incorporated by reference.

22. Commerce's instructions to CBP to continue to suspend liquidation of OCTG produced by Boly Pipe in Thailand and exported to CSP are not supported by substantial evidence on the record and are otherwise not in accordance with the law.

**PRAYER FOR JUDGMENT AND RELIEF**

WHEREFORE, Plaintiff Commercial Steel Products LLC respectfully requests that the Court:

(A) Enter judgment in favor of Plaintiff;

(B) Hold as unlawful Commerce's final covered merchandise inquiry determination and customs instructions that are the subject of this Complaint;

(C) Remand this proceeding to Commerce with instructions to clarify that CSP's entries at issue are not subject to the scope of the antidumping duty and countervailing duty orders on OCTG from China and confirm that applicable cash deposit rates are not to be applied to entries made before December 18, 2024; and

(D) Grant Plaintiff such additional relief as the Court may deem just and proper.

Respectfully submitted,

/s/ *Rosa S. Jeong*
Rosa S. Jeong
Claudia D. Hartleben
Hugh A. Smachlo
GREENBERG TRAURIG, LLP
2101 L Street NW, Suite 1000
Washington, DC 20037
(202) 533-2328

*Counsel for Commercial Steel Products LLC*

Dated: June 26, 2026